# In the United States Court of Federal Claims

No. 19-1239C

(Filed: September 25, 2019)

| | |
|---|---|
| MILTON A. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The following filings are currently before the court in this matter: (1) the complaint of pro se plaintiff Milton A. Brown,[1] ECF No. 1, filed August 20, 2019; and (2) plaintiff's application to proceed in forma pauperis, ECF No. 4, filed August 26, 2019. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court's jurisdictional analysis is set forth below.

I.     Background

Plaintiff's complaint is not a model of clarity. The most voluminous exhibit attached to the complaint is the "Clock of Destiny Moorish Birth Rights Great Seal Zodiac Constitution." ECF No. 1-1 at 1-7. The nature of suit codes noted by plaintiff on the cover sheet to the complaint are "Copyright," Taking – Other," and "Unjust

---

[1] The complaint and accompanying documents contain two other names for plaintiff: (1) AgentM-Milton Brown, and (2) Sultan Imanuel-El-Bey. ECF No. 1 at 2-3. However, plaintiff's documentation relating to his prisoner trust account identifies him as Milton Antoine Brown. ECF No. 4-1 at 1.

Conviction and Imprisonment." ECF No. 1-2 at 1.  Plaintiff values his claims at "$100,000,000,000 U.S. Gold And/Or Silver."  Id.

Plaintiff's claims are presented in a stream of consciousness fashion.  Reference is made to a number of documents, including the aforementioned Moorish Constitution, the "Treaty of Peace and Friendship 1787 Between Morocco and the United States," and "The Sundry Free Moors Act of 1789-1790."  ECF No. 1 at 2.  Plaintiff asserts that he is "A Sovereign Of The Moorish Empire."  Id.  His requests for relief include "Immediate Release" from the state prison where he is incarcerated, and $100 billion in gold or silver.  Id. at 3.

II.   Pro Se Litigants

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading.  Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

III.   Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt."  Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).  The Tucker Act delineates this court's jurisdiction.  28 U.S.C. § 1491 (2012).  That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States."  Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted).

IV.   Analysis

The claims presented in plaintiff's complaint are, by their nature, related to his imprisonment.  He seeks release from prison and money damages as compensation for his imprisonment.  ECF No. 1 at 3.  Although the complaint mentions "Private Property," "Contracts," "Copyright," and "Kidnapping," id. at 1, 3, plaintiff's claims are founded on his assertion that state prison officials do not have the right to imprison him, id. at 2-3.  The court therefore addresses plaintiff's claim that he should be released from prison, and that he is owed $100 billion dollars because of his imprisonment.  See, e.g., Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [the plaintiff] in its complaint, we look to the true nature of the action in determining the existence or not of jurisdiction." (citing Livingston v. Derwinski, 959 F.2d 224, 225 (Fed. Cir. 1992))).

This court has no jurisdiction over criminal matters, and thus cannot review a court's decision to incarcerate this plaintiff, or any plaintiff.  E.g., Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).  It follows, then, that a request for release from

States, 17 F.3d 378, 379 (Fed. Cir. 1994). It follows, then, that a request for release from prison is not within this court's jurisdiction. Woodson v. United States, 89 Fed. Cl. 640, 651 (2009) (citing Bowen v. Massachusetts, 487 U.S. 879, 905 (1988)). As for plaintiff's monetary claim, there is no allegation in the complaint that his claim is founded on a court-issued certificate of innocence so that this court would have jurisdiction over his claim. Because this prerequisite is absent here, plaintiff's unjust imprisonment claim must be dismissed by the court for lack of subject matter jurisdiction. Abu-Shawish v. United States, 120 Fed. Cl. 812, 813-14 (2015).

V.   Conclusion

There is no jurisdiction in this court for plaintiff's claims. The complaint in this case must therefore be dismissed.[2] Accordingly, plaintiff's application to proceed in forma pauperis, ECF No. 4, is **GRANTED** for the limited purpose of determining this court's jurisdiction. The clerk's office is directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3). Additionally, the clerk's office is directed to **RETURN** any future filings not in compliance with this court's rules to plaintiff, **UNFILED**, without further order of the court.

IT IS SO ORDERED.

/s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge

---

[2] The court has considered transfer of this suit to another federal court but declines to do so because plaintiff's claims are frivolous.